Per Curiam.

The only question in this case, is, whether die plaintiff should be allowed a credit upon his bond, *6 from the time of the negro’s death, to the end of the year, for so much as the hire for that time would amount to. — ? The court understands the rule to be, where one hires a slave for a year, that if -the slave- be sick,-ot run away, the tenant must pay the hire ; but if the slave die -without dny fault in the tenant, the owner, and not the tenant, should lose the hire from the death of the slave, unless otherwise agreed upon. By pursuing this rule, the act of God falls on the owner, on whom it must have fallen if the slave had not been hired j from which time it would be unreasonable to allow the owner hire — Hire!—for what? — for a dead negro ?
It would be rigid enough in the casé of a special agreement ; but, where there is no such agreement, to insist upon the hire, appears to this court unjust in the extreme.-— Upon this subject, 1 Ruth. Inst. 250, 251. 253. 1 Fonb. 376, 377. in the notes ; Powell on Contracts, 446, 447, 448. may afford the reader some useful instruction. — Upon this view of the case, the appellant should be allowed a credit of 11l. 12s. 4d.
The decree of the county court must be reversed with costs. And this court proceeding to mate such decree as that court should have made, directs the injunction to be made perpetual, for that sum, with costs, and the bill to be dismissed as to the residue.